IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDWARD W. LOVEJOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-CV-91-WKW [WO] |
| ) | |
| ELMORE COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This 42 U.S.C. § 1983 action involves Fourth Amendment claims for the allegedly unlawful seizure, false imprisonment, and malicious prosecution of Plaintiff Edward W. Lovejoy. The matter comes before the court on the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed by Defendants Elmore County and Elmore County Deputy Sheriff Richard T. Brouillard. (Doc. # 15.) Mr. Lovejoy responded (Doc. # 18), and Defendants replied (Doc. # 21). For the reasons discussed below, the motion to dismiss is due to be granted in part and denied in part.

### I. JURISDICTION AND VENUE

Subject matter jurisdiction over this action is exercised pursuant to 28 U.S.C. § 1331. The parties do not contest personal jurisdiction or venue, and there are allegations sufficient to support both.

## II.  FACTUAL BACKGROUND

In January 2011, the Elmore Community Hospital reported the sad fact that the urine sample of an eight-year-old girl, "DB," tested positive for the sexually transmitted disease (STD) Trichomoniasis.[1]  The Elmore County Sheriff's Office was contacted, and Deputy Brouillard began a criminal investigation.

Plaintiff Edward W. Lovejoy, DB's stepfather, tested positive for Trichomoniasis on February 16, 2011.  The facts surrounding this positive test result form the basis for Mr. Lovejoy's complaint:  He alleges Deputy Brouillard remained in the bathroom with the urine sample for several minutes and compromised it so that Mr. Lovejoy would test positive for the disease.  (Compl. ¶ 4 (Doc. # 1).)

The next day Deputy Brouillard detained Mr. Lovejoy at the Elmore County Sheriff's office. Mr. Lovejoy claims Deputy Brouillard failed to read him his Miranda rights, and chose to arrest him for "anything he could think to charge him with." (Compl. ¶ 6.)  Deputy Brouillard did not test any of the other several men with whom DB interacted (Compl. ¶ 10), nor did Deputy Brouillard speak with DB's mother (Compl. ¶ 9).[2]

---

[1] "Trichomoniasis is the most common curable STD known at this time."  (Compl. ¶ 10.)

[2] Defendants provide contradictory supplemental evidence in the forms of an affidavit, the lab results from other men who were tested, and the written statement given by DB's mother. As discussed below, the court declines to construe Defendants' motion as a motion for summary judgment.  Therefore, this evidence is not considered.

Mr. Lovejoy spent twenty-seven days in the Elmore County Jail after he was charged with sexual abuse of a child less than twelve years old, a violation of Ala. Code § 13A-6-69.1. The grand jury did not indict him because DB did not admit Mr. Lovejoy sexually abused her.

### III. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is]

 . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555; *see also James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (*Twombly* formally retired "the often-criticized 'no set of facts' language previously used to describe the motion to dismiss standard.") (citation omitted)).

## IV. DISCUSSION

"It was once said that the moral test of government is how that government treats those who are in the dawn of life, the children; those who are in the twilight of life, the elderly; and those who are in the shadows of life, the sick, the needy and the handicapped."[3] This case requires an inquiry into Deputy Brouillard's criminal

---

[3] Senator Hubert Humphrey, remarks at the dedication of the Hubert H. Humphrey Building, November 1, 1977, *Congressional Record*, November 4, 1977, vol 123, p. 37287.

investigation of the sexual abuse of an eight-year-old girl.

Mr. Lovejoy argues that he is the victim of a Fourth Amendment unlawful seizure, false imprisonment, and malicious prosecution because Deputy Brouillard allegedly tampered with evidence and lacked probable cause to detain and arrest him. He sues Deputy Brouillard in his official and individual capacities, as well as Elmore county for monetary damages. Mr. Lovejoy has not opposed Defendants' contention that Elmore County, as a matter of law, cannot be held liable for the acts of a deputy sheriff, nor their assertion that Deputy Brouillard, in his official capacity, enjoys Eleventh Amendment immunity.

Under the holding of *Carr v. City of Florence*, 916 F.2d 1521 (11th Cir. 1990), Mr. Lovejoy's § 1983 Fourth Amendment claims against Deputy Brouillard in his official capacity are due to be dismissed because the Eleventh Amendment bars suits against Alabama deputy sheriffs sued in their official capacities for monetary damages.[4]  *See id.* At 1525–26.  Additionally, Mr. Lovejoy's allegations against Elmore County are based upon an attempt to hold Elmore County liable for the actions of Deputy Brouillard under a theory of respondeat superior. Respondeat superior is not a proper basis for liability under § 1983, *see McDowell v. Brown*, 392 F.3d 1283,

---

[4] The dismissal is pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *See Seaborn v. Fla. Dep't of Corr.*, 143 F.3d 1405, 1407 (11th Cir. 1998) ("An assertion of Eleventh Amendment immunity essentially challenges a court's subject matter jurisdiction"); (*see also* Doc. #5, at 16.)

1289 (11th Cir. 2004), and, in any event, it is well established under Alabama law that a deputy sheriff is not an employee of the county. *See Ex parte Sumter Cnty*, 953 So. 2d 1235, 1239 (Ala. 2006).

The sole remaining question is whether Deputy Brouillard is entitled to qualified immunity on Mr. Lovejoy's § 1983 claims against him in his individual capacity. Mr. Lovejoy insists Deputy Brouillard cannot receive qualified immunity because the warrant lacked "probable cause." Defendants claim that he is entitled to qualified immunity because Deputy Brouillard had "arguable probable cause" for the warrant. Part A will explain why it is not appropriate to convert Defendants' motion to dismiss into a motion for summary judgment. Part B will address the issue of qualified immunity in relation to the sufficiency of the arrest warrant.

### A.   *Conversion under Rule 12(d) is not appropriate.*

"[F]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 & n.17 (3d ed. 2004) (collecting cases). The Eleventh Circuit recently stated that "[a] judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters

outside the pleadings. According to case law, 'not considering' such matters is the functional equivalent of 'excluding' them – there is no more formal step required." *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010).

The evidentiary record appears to be incomplete, lacks full briefing, and requires clarification, particularly in view of Deputy Brouillard's alleged tampering with Mr. Lovejoy's urine sample. Defendants submitted an affidavit denying that Deputy Brouillard tampered with evidence. Additionally, Mr. Lovejoy submitted a negative Trichomoniasis test result. Neither of these can be considered unless the court construes the 12(b)(6) motion to dismiss as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). Because discovery has not commenced, the parties have not had the opportunity to challenge the other's submissions. The court declines, therefore, to construe the Rule 12(b)(6) motion as one made pursuant to Rule 56. In its present state, the record lacks the comprehensiveness needed for a well-reasoned summary judgment decision. Accordingly, the *Iqbal/Twombly* standard applies here, and the court must accept as true all well-pleaded factual allegations in Mr. Lovejoy's complaint.

### B.    *Deputy Brouillard is not entitled to qualified immunity if his efforts to obtain the arrest warrant were based upon perjurious facts.*

The defense of qualified immunity involves a two-step inquiry. The first inquiry is "whether the defendant government official was performing a discretionary

function" when the allegedly wrongful acts occurred. *Madiwale v. Savaiko*, 117 F.3d 1321, 1324 (11th Cir. 1997). The government actor is acting within his discretion if "his actions were undertaken pursuant to the performance of his duties and within the scope of his authority." *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988) (quoting *Barker v. Norman*, 651 F.2d 1107, 1121 (5th Cir. 1981)). Mr. Lovejoy does not contest that Deputy Brouillard was acting within his discretionary capacity when he performed the investigation.

"Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Lee v. Ferraro*, 284 F.3d 1188, 1194. This is the second inquiry and is itself a two-part test. "[T]he plaintiff must . . . show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Townsend v. Jefferson Cnty*, 601 F.3d 1152, 1157 (11th Cir. 2010) (internal citation omitted). For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Mr. Lovejoy's claims arise from the alleged violation of his Fourth Amendment right to be free from unlawful seizure, arrest, and detention. The Fourth Amendment is violated if there are not sufficient facts in an affidavit supporting a warrant to

establish probable cause. *Holmes v. Kucynda*, 321 F.3d 1069, 1083 (11th Cir. 2003) (citing *Franks v. Delaware*, 438 U.S. 154, 164–65 (1978) ("[W]hen the Fourth Amendment demands a factual showing sufficient to comprise 'probable cause,' the obvious assumption is that there will be a *truthful* showing.") (citations omitted) (emphasis in original)). It is well-settled law that "the Constitution prohibits an officer from making perjurious or recklessly false statements in support of a warrant." *Kelly v. Curtis*, 21 F.3d 1544 (11th Cir. 1994) (citing *Franks*, 438 U.S. at 156, 165–71). An officer is not entitled to qualified immunity if the officer knows the information in the affidavit for the warrant is not truthful. *See id.* at 1555.

On a motion to dismiss, the factual allegations in the complaint must be accepted as true. If Deputy Brouillard did in fact tamper with the integrity of Mr. Lovejoy's urine sample, then his subsequent efforts to arrest Mr. Lovejoy based upon this test result would violate the Fourth Amendment. Under that allegation, Deputy Brouillard would not be entitled to qualified immunity.[5]

## V.  CONCLUSION

Accordingly, it is ORDERED that Defendants' motion to dismiss (Doc. # 15) is GRANTED as to Defendant Elmore County and Defendant Deputy Brouillard in

---

[5] While Deputy Brouillard is not entitled to qualified immunity on the facts that the court must accept on a motion to dismiss, that does not foreclose qualified immunity on summary judgment or at trial.

his official capacity, and DENIED as to Defendant Deputy Brouillard in his individual capacity.

DONE this 1st day of November, 2012.

                                                /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE